IN THE UNITED STATES DISTRICT COURT 

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ELDON HUFFINE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA EIGHTEENTH DISTRICT COURT, JUDGE HOLLY BROWN; HEINTZ-WISE CONSERVATORS V. WELLS, HUFFINE FAMILY TRUST DV 10-681 AX,<br><br>Defendants. | Cause No. CV 12-00086-H-DLC<br><br><br><br>ORDER |

Plaintiff Eldon Huffine, a state inmate proceeding without counsel, filed a document entitled "Constitutional Demand for Recusal for Partiality per 28-USC-455, Sixth Amendment, Reconsider." (doc. 7). The document is construed as a motion for reconsideration of the Court's Order denying Mr. Huffine's October 30, 2012 Motion for Recusal (doc. 4).

A final Order has been issued in this case, therefore, the Court construes the motion as being filed pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) provides that a motion to alter or amend a judgment must

be filed no later than 28 days after the entry of judgment. Mr. Huffine's December 18, 2012 motion was timely filed within 28 days of entry of judgment.

Under Rule 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc) *quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(citation omitted). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell*, 197 F.3d at 1256 (citation omitted).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P.

60(b). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century--Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Dunnahoo*, 637 F.2d at 1341.

Mr. Huffine's filing simply reargues points raised in his motion for recusal. He has not presented new evidence, he has not demonstrated that the Court committed clear error in its ruling, there has been no change in the law, and none of the reasons set forth in Rule 60(b) are applicable. The Court's Order denying the motion for recusal stands. Again, there is no basis upon which to question the Court's impartiality in matter. This case is closed and no further motions for reconsideration will be considered.

IT IS HEREBY ORDERED that Mr. Huffine's "Constitutional Demand for Recusal for Partiality per 28-USC-455, Sixth Amendment, Reconsider" (doc. 7) as construed as a motion for reconsideration is DENIED.

Dated this 3rd day of January, 2013.

Dana L. Christensen, District Judge
United States District Court